UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT WHITE,

        Petitioner,

v.

THOMAS MACKIE,

        Respondent.

_____/

Case No. 1:17-cv-922

Honorable Janet T. Neff

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

I. _Factual allegations_

Petitioner Robert White is incarcerated with the Michigan Department of Corrections at Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. On March 19, 2012, Petitioner pleaded guilty in the Tuscola County Circuit Court to first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d. On May 7, 2012, the court imposed sentences of 8 years and 10 months to 30 years, and 2 years to 3 years, respectively.

Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, raising a single issue: whether the sentencing court incorrectly scored 10 points for Offense Variable (OV) 12. The court of appeals denied leave to appeal on November 5, 2014. The Michigan Supreme Court denied leave to appeal on April 10, 2014, and denied reconsideration on September 5, 2014.

On June 19, 2015, Petitioner filed a motion for relief from judgment in the Tuscola County Circuit Court, raising four grounds for relief: (1) an insufficient factual basis supported his guilty plea; (2) he was denied his right to an attorney of his choice; (3) OV 12 should have been scored at zero points; and (4) OV 19 should have been scored at zero points. In an opinion and order issued on August 24, 2015, the trial court denied relief from judgment. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on July 25, 2016, and June 27, 2017, respectively.

On October 19, 2017, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. _Cook v. Stegall_, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his

application on October 19, 2017. (Pet., ECF No. 1, PageID.12.) The petition was received by the Court on October 23, 2017. For purposes of this Opinion, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises two grounds for relief, as follows:

I. WHETHER PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT[S] TO COUNSEL OF HIS CHOICE.

II. WHETHER THERE IS A FACTUAL BASIS TO SUPPORT PLEA OF GUILTY TO OBSTRUCTING/RESISTING A POLICE OFFICER.

(Pet., ECF No.1, PageID.4, 6.)

II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

3

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. \_\_\_, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Discussion

In his first ground for relief, Petitioner argues that he was denied his Sixth and Fourteenth Amendment rights to the assistance of counsel of his choice when the trial court denied his motion for a continuance to permit him to attempt to retain counsel. In his second ground for relief, Petitioner argues that his plea to resisting or obstructing a police officer was not supported by an adequate factual basis. Neither claim entitles Petitioner to relief on habeas review.[1]

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411

---

[1] As cause excusing his failure to raise his habeas grounds on direct appeal, Petitioner argues that he was denied the effective assistance of appellate counsel. (Pet., ECF No. 1, PageID.5) Because Petitioner's claims plainly lack merit, the Court need not consider whether Petitioner violated Mich. Ct. R. 6.508(D) and thereby procedurally defaulted his claims in the state courts and whether the ineffective assistance of appellate counsel would have excused that default. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). In any event, because both habeas grounds lack merit, appellate counsel could not be deemed ineffective in failing to raise them on direct appeal. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. Feb. 26, 2013) ("[A] petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit.")

5

U.S. at 267. Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."). The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt.

Petitioner argues that his resisting-and-obstructing plea lacked a factual basis. While courts may consider whether a factual basis for a guilty plea exists in their assessments of the validity of the plea, Petitioner makes no attempt to challenge the validity of his plea. Instead, he simply claims that he pleaded guilty to an offense for which a sufficient factual basis was not presented. However, it has generally been held that the Constitution does not require that courts ensure that a factual basis exists. *See Alford*, 400 U.S. at 31 ("Strong evidence of guilt may suffice to sustain a conviction on an *Alford* plea, and may be essential under Fed. R. Crim. P. 11, but it is not necessary to comply with the Constitution."); *see also Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977); *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971). Because Petitioner's second ground for habeas relief rests exclusively on a claim that his

plea to resisting and obstructing lacked a factual basis, he has not suffered constitutional error. He therefore is not entitled to habeas relief on that ground.

Moreover, Petitioner's first ground for relief, that he was denied counsel of his choice, was waived by his guilty plea. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea. *See United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001). Petitioner's claim that he was deprived counsel of his choice does not challenge the knowing, voluntary or intelligent nature of his plea. In fact, Petitioner at no time argues that his appointed attorney rendered ineffective assistance respecting the plea. Instead, he simply complains about the trial court's pre-plea denial of his motion for continuance to find a different attorney. However, in choosing to plead guilty after his continuance was denied, Petitioner waived his claim to counsel of his choice. *See Stiger*, 20 F. App'x at 308-09; *see also Lindensmith v. Berghuis*, No. 08-cv-12346, 2011 WL 4527698, at *7 (E.D. Mich. Sept. 29, 2011) (holding that the petitioner's claim that he was denied counsel of his choice when retained counsel's associate appeared at the plea hearing was waived by his subsequent entry of a guilty plea). He therefore is not entitled to relief on his first habeas ground.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:  December 19, 2017  /s/ Janet T. Neff
Janet T. Neff
United States District Judge

9